02-11-167-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00167-CR

 

 


 
 
 Juan Charles Blea
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM County
Criminal Court No. 1 OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          Appellant
Juan Charles Blea pleaded nolo contendere to the charge of assault—family
violence.  In accordance with the State’s recommendation, the trial court
sentenced Blea to twelve months’ deferred adjudication community supervision
and a $400 fine.  Following a show-cause hearing after which the trial court
found that Blea had violated his community supervision, the trial court
modified the terms of Blea’s community supervision by ordering him to serve
three weekends in the county jail.  Eventually, the State filed a motion to
revoke community supervision and to proceed with an adjudication of guilt based
on numerous alleged violations of the terms of Blea’s community supervision.  A
hearing was held on the motion to adjudicate; and after finding seven of the
alleged violations to be true, the trial court granted the motion and sentenced
Blea to two hundred days in jail.

          During
the punishment phase of the hearing, the prosecutor made the following
statements to the judge in his closing argument:

          Judge, what
we’ve heard so far is that this defendant actually appeared before you for a
show-cause, where you gave him what I would probably count as almost a third
chance.  He was clearly not in compliance with what was going on.  That’s why
you were seeing him.  And at that point, you asked him to do some weekends in
jail.  And while I understood that you were most likely doing that because you
wanted to send a message to this particular defendant, it didn’t make its way
at all into the defendant at all, because that is the point at which we really
start to see the defendant falter.

 

          . . .

 

          That’s
why I think the message in this case needs to be much worse, much more severe.  Let
him know that we’re not going to allow him to come into our community, make a
grievance, get second chances, third chances, and then just spit in our face.

          In
his sole issue for appeal, Blea contends that the prosecutor committed reversible
error by using language in closing arguments that was outside the scope of
evidence and manifestly improper.  But Blea failed to object at the hearing to
any of the prosecutor’s arguments.  If a defendant fails to object to a
prosecutor’s argument or fails to pursue an adverse ruling on his objection to
a prosecutor’s argument, the defendant forfeits the right to complain about the
argument on appeal.  Tex. R. App. P. 33.1; Cockrell v. State, 933 S.W.2d
73, 89 (Tex. Crim. App. 1996), cert. denied, 520 U.S. 1173 (1997); see
also Threadgill v. State, 146 S.W.3d 654, 670 (Tex. Crim. App. 2004)
(failure to object to prosecutor’s argument during punishment phase forfeits
right to complain about argument on appeal); Mathis v. State, 67 S.W.3d
918, 927 (Tex. Crim. App. 2002) (declining to overrule Cockrell).  Because
Blea did not object to the prosecutor’s remarks, he has forfeited this claim on
appeal, and we overrule Blea’s sole issue.

          Having
overruled Blea’s sole issue, we affirm the trial court’s judgment.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; MEIER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August 16, 2012









[1]See Tex. R. App. P. 47.4.